**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 20, 2012

Lyle W. Cayce
Clerk

No. 11-50865
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERNESTO HERNANDEZ-MORENO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-220-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ernesto Hernandez-Moreno appeals the 24-month sentence imposed following the revocation of his supervised release. He contends that the above-guidelines sentence is substantively unreasonable because it is greater than necessary to satisfy the statutory sentencing goals of 18 U.S.C. § 3553(a). Hernandez-Moreno asserts, inter alia, that the sentence does not support the deterrence rationale articulated by the district court, is excessive in light of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

non-violent nature of his conduct, and will unnecessarily cost the Government additional money.

Hernandez-Moreno asserts that revocation sentences should be reviewed for "reasonableness." We typically review revocation sentences under 18 U.S.C. § 3742(a)(4)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011). However, because Hernandez-Moreno raised only a general objection in the district court to the reasonableness of his sentence, review is for plain error only. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009). Thus, Hernandez-Moreno must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We have discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

Hernandez-Moreno's sentence, while in excess of the range indicated by the Sentencing Guidelines' non-binding policy statements, was within the statutory maximum term of imprisonment that the district court could have imposed. *See* 18 U.S.C. §§ 3559(a)(3), 3583(e)(3). The district court considered the nature and circumstances of the new illegal reentry offense, Hernandez-Moreno's history and characteristics, including his multiple previous illegal reentries, and the need to deter him from future illegal conduct. The district court reasoned that a 24-month sentence was proper under the circumstances. Accordingly, the record supports that the district court based Hernandez-Moreno's sentence on an individualized assessment of the facts and permissible sentencing factors. *See Miller*, 634 F.3d at 844*; Gall v. United States*, 552 U.S. 38, 50-51 (2007).

While Hernandez-Moreno disagrees with the district court's assessment of a proper sentence, his disagreement does not demonstrate that the district court committed error, plain or otherwise. *See Gall,* 552 U.S. at 51-52; *United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009) (upholding 36-month

No. 11-50865

sentence, where the guidelines range was 4 to 10 months of imprisonment).  He essentially seeks to have us reweigh the § 3553(a) factors, which we will not do. *See Gall*, 552 U.S. at 51.  Thus, the district court's judgment is AFFIRMED.